IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH IANNACCHINO, VICTOR MARCHESE, and SOLEDAD BERRIOS, Individually and as Representatives of a Proposed Class<br><br>        Plaintiffs,<br><br>        v.<br><br>FORD MOTOR COMPANY, FORD MOTOR COMPANY OF CANADA, LTD., MAGNA DONNELLY CORPORATION, Individually and d/b/a DONNELLY CORP. and as successor by merger to DONNELLY CORP., INTIER AUTOMOTIVE SEATING OF AMERICA, INC., Individually and d/b/a DORTEC INDUSTRIES, and INTIER AUTOMOTIVE CLOSURES OF AMERICA, INC., Individually and d/b/a DORTEC INDUSTRIES,<br><br>        Defendants. | Civil Action No. 1:05-cv-11141-RCL |

## ANSWER OF DEFENDANT FORD MOTOR COMPANY OF CANADA, LIMITED TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant FORD MOTOR COMPANY OF CANADA, LIMITED ("Ford Canada"), by and through its attorneys, admits, denies and states as follows:

### INTRODUCTION

1.     Admits that Plaintiffs purport to bring this action for damages as a class action under Massachusetts law as described in the first sentence of Paragraph 1 of the First Amended Complaint ("Complaint").  States to the contrary that this action may not be maintained as a class action on behalf of the putative class or otherwise.  Denies each and every allegation in the second sentence in Paragraph 1 of the Complaint.

2. Denies each and every allegation in Paragraph 2 of the Complaint.

3. Denies each and every allegation in Paragraph 3 of the Complaint.

4. Denies each and every allegation in Paragraph 4 of the Complaint.

5. Denies each and every allegation in Paragraph 5 of the Complaint.

6. Denies each and every allegation in Paragraph 6 of the Complaint to the extent Paragraph 6 implies the truth of any of the factual allegations referenced therein.

## PARTIES

7. States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint except specifically denies that Ford Canada engaged in any "wrongful or illegal conduct" that injured Plaintiffs.

8. States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint except specifically denies that Ford Canada engaged in any "wrongful or illegal conduct" that injured Plaintiffs.

9. States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint except specifically denies that Ford Canada engaged in any "wrongful or illegal conduct" that injured Plaintiffs.

10. Admits that Ford Motor Company ("Ford") is a Delaware Corporation with its principal place of business in Michigan. Admits that Ford is a manufacturer of automobiles and other vehicles. States that Ford is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint.

11. Admits that Ford Canada is a Canadian Corporation. Admits that Ford Canada is an assembler of automobiles and other vehicles. States that Ford Canada is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph

11 of the Complaint.

12. States that Ford Canada is without knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. States that Ford Canada is without knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. States that Ford Canada is without knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Admits that Plaintiffs purport to refer to "the manufacturing defendants" and "component part manufacturers" throughout the Complaint as alleged in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. Admits that Plaintiffs purport to bring this action as a class action on behalf of Massachusetts residents who own model year 1997 to 2000 Ford F-150, Ford F-250 (light duty), Ford Expedition or 2000 Ford F-150 Super Crew vehicles. States to the contrary that this action may not be maintained as a class action on behalf of the putative class or otherwise. Specifically denies that any Ford vehicles contained "defective outside door handle systems."

17. States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint except specifically denies Ford Canada engaged in any conduct that injured Plaintiffs.

18. Denies each and every allegation in Paragraph 18 of the Complaint.

19. Admits that the Court has personal jurisdiction over Ford Canada. Denies each and every remaining allegation in Paragraph 19 of the Complaint.

20. Admits that venue exists in the U.S. District Court for the District of

Massachusetts, because this action, before it was properly removed to this Court, was originally filed in the Superior Court of Massachusetts. Denies that Ford Canada has "committed unfair or deceptive trade practices."

21. States Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Denies each and every allegation in Paragraph 22 of the Complaint. States to the contrary that Plaintiffs' action raises a substantial question of federal law and that the amount in controversy exceeds $74,999.000.

## CLASS ACTION ALLEGATIONS

23. Admits that the named plaintiffs purport to bring this action for damages as a class action pursuant to Massachusetts law. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

24. Admits that Plaintiffs purport to bring this action for damages as a putative class action. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. Further states that since this action may not be maintained as a class action on behalf of the purported class or otherwise, there is no "class."

25. Denies each and every allegation in Paragraph 25 of the Complaint.

26. Admits that Plaintiffs purport to bring this action for damages as a putative class action. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

27. Denies each and every allegation in Paragraph 27 of the Complaint. States to the contrary that this action may not be maintained as a class action. Further states that since this action may not be maintained as a class action on behalf of the purported class or otherwise,

there is no "class." Further states to the contrary that there is no class so numerous that joinder of all the class members is impracticable.

28. Denies each and every allegation in Paragraph 28 of the Complaint, including its subparts a. through n. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. Further states that since this action may not be maintained as a class action on behalf of the purported class or otherwise, there is no "class." Further states to the contrary that individual questions of law and fact predominate over any common questions and that class action treatment should be denied.

29. Denies each and every allegation in Paragraph 29 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. Further states that since this action may not be maintained as a class action on behalf of the purported class or otherwise, there is no "class." Further states to the contrary that Plaintiffs' claims, to the extent any claims exist, are not "typical" of any claims possessed by other members of the purported class and that the request for class action treatment should be denied.

30. States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. Further states that since this action may not be maintained as a class action on behalf of the purported class or otherwise, there is no "class."

31. Denies each and every allegation in the first sentence of Paragraph 31 of the Complaint. States to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. Further states that since this action may not be

maintained as a class action on behalf of the purported class or otherwise, there is no "class." States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 31 of the Complaint.

32. States the Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 32 of the Complaint except specifically denies that this action may be maintained as a class action.

## BACKGROUND AND FACTUAL ALLEGATIONS

33. Denies each and every allegation in Paragraph 33 of the Complaint to the extent Paragraph 33 implies the truth of any factual allegations asserted in Exhibits A-F attached to the Complaint.

34. Denies each and every allegation in Paragraph 34 of the Complaint.

35. Denies each and every allegation in Paragraph 35 of the Complaint.

36. Denies each and every allegation in Paragraph 36 of the Complaint. Specifically denies the existence of any "defect" in the outside door handles or any component part of the outside door handles of the subject vehicles.

37. Denies each and every allegation in Paragraph 37 of the Complaint. Specifically denies the existence of any "defect" in the outside door handles of the subject vehicles.

38. Denies each and every allegation in Paragraph 38 of the Complaint as an incomplete summary of the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*, and the Transportation Recall Enhancement, Accountability, and Documentation Act, 49 U.S.C. § 30170. States that the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*, and the Transportation Recall Enhancement, Accountability, and Documentation Act, 49 U.S.C. § 30170 speak for themselves.

39. Denies each and every allegation in Paragraph 39 of the Complaint as an incomplete summary of the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*. States that the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*, speak for themselves.

40. Denies each and every allegation in Paragraph 40 of the Complaint as an incomplete summary of the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*. States that the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*, speak for themselves.

41. Denies each and every allegation in Paragraph 41 of the Complaint as an incomplete summary of the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*. States that the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*, speak for themselves.

42. Denies each and every allegation in Paragraph 42 of the Complaint as an incomplete summary of the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*. States that the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*, speak for themselves.

43. Denies each and every allegation in Paragraph 43 of the Complaint as an incomplete summary of the provisions of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq*. States that the provisions of the National Traffic and Motor Vehicle Safety Act, 49. U.S.C. § 30101, *et seq*, speak for themselves.

44. Admits that Ford Canada installed door handle systems in certain vehicles. Otherwise denies each and every allegation in Paragraph 44 of the Complaint.

45. Admits that Ford Canada was aware that the door handle systems on certain

vehicles have to comply with FMVSS 206. Otherwise states Ford Canada is without knowledge or sufficient information to respond to the remaining allegations in Paragraph 45 of the Complaint.

46.     Denies each and every allegation in Paragraph 46 of the Complaint. Specifically denies that any designs or equipment "did not comply with FMVSS 206 or meet Ford's own internal standards."

47.     Denies each and every allegation in Paragraph 47 of the Complaint. Specifically denies the existence of any "defect" in the door handle systems.

48.     Denies that Ford Canada commenced production of the vehicles described in Paragraph 48 of the Complaint on or about November 4, 1995. Denies that Ford Canada generally sells or distributes vehicles directly to consumers. States that Ford Canada generally distributes and sells vehicles to its independent dealer network. Denies or is without knowledge to respond to the remaining allegations in Paragraph 48 of the Complaint.

49.     Denies each and every allegation in Paragraph 49 of the Complaint. Specifically denies that the door latch assembly system was "improperly designed and manufactured and did not meet FMVSS 206."

50.     Denies the allegations in the third sentence of Paragraph 50 of the Complaint. States that Ford Canada is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint.

51.     Denies each and every allegation in Paragraph 51 of the Complaint except admits that Ford and Ford Canada marketed vehicles for period referred to in Paragraph 51 of the Complaint.

52.     Denies each and every allegation in Paragraph 52 of the Complaint.

53. Denies each and every allegation in Paragraph 53 of the Complaint.

54. Admits that in or about August 1997, Transport Canada informed Ford Canada that it had "performed a CMVSS 301 Lateral Impact test on a Ford F150," that "[i]n this test the vehicle is struck by a 4000 pound (1814 kg) mobile barrier moving at 20 mph (32 km/h)," that "[t]here were no problems with fuel system integrity," but that "during the impact a passenger's door was flung open." Admits the allegations in the fourth sentence in Paragraph 54 of the Complaint. Otherwise, Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55. States Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56. Denies each and every allegation in Paragraph 56 of the Complaint. Specifically denies the existence of any "defective" or "non-compliant" door handle systems.

57. Denies each and every allegation in Paragraph 57 of the Complaint. Specifically denies the existence of any "defect" or "non-compliant component parts" of the door handle systems.

58. Denies each and every allegation in Paragraph 58 of the Complaint.

59. Denies each and every allegation in Paragraph 59 of the Complaint.

60. Denies each and every allegation in Paragraph 60 of the Complaint.

61. Denies each and every allegation in Paragraph 61 of the Complaint. Specifically denies the allegation of a "safety-related defect."

62. Denies each and every allegation in Paragraph 62 of the Complaint.

63. Denies each and every allegation in Paragraph 63 of the Complaint.

64. Denies each and every allegation in Paragraph 64 of the Complaint.

65. Denies each and every allegation in Paragraph 65 of the Complaint.

66. Denies each and every allegation in Paragraph 66 of the Complaint.

67. States that Ford Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. Denies each and every allegation in Paragraph 68 of the Complaint.

69. Denies each and every allegation in Paragraph 69 of the Complaint.

70. Denies each and every allegation in Paragraph 70 of the Complaint.

71. Denies each and every allegation in Paragraph 71 of the Complaint.

72. Denies each and every allegation in Paragraph 72 of the Complaint. Specifically denies that Ford Canada "manipulated" data, specifications, and federal rules and "violated accepted practices."

73. Denies each and every allegation in Paragraph 73 of the Complaint. Specifically denies the existence of any "defects" in the door handle systems.

74. Denies each and every allegation in Paragraph 74 of the Complaint.

75. Admits that to date no recall or consumer notification program has been issued related to the allegations in the Complaint.

## FIRST CAUSE OF ACTION
### Violation of Mass. Gen. Laws. c. 93A, §§2, 9 Unfair Methods of Competition and Unfair or Deceptive Acts and Practices

76. Denies, admits or otherwise responds to the allegations in Paragraphs 1-75 of the Complaint as set forth above.

77. Admits the allegation in Paragraph 77 of the Complaint.

78. Denies each and every allegation in Paragraph 78 of the Complaint, including its subparts a. through h.

79. Denies each and every allegation in Paragraph 79 of the Complaint.

80. Denies each and every allegation in Paragraph 80 of the Complaint.

81. Denies each and every allegation in Paragraph 81 of the Complaint.

82. Denies each and every allegation in Paragraph 82 of the Complaint.

## SECOND CAUSE OF ACTION
### Conspiracy and Concert of Action to Violate Mass. Gen. Laws c. 93A, §§2, 9

83. Denies, admits or otherwise responds to the allegations in Paragraphs 1-82 of the Complaint as set forth above.

84. Denies each and every allegation in Paragraph 84 of the Complaint.

85. Denies each and every allegation in Paragraph 85 of the Complaint.

86. Denies each and every allegation in Paragraph 86 of the Complaint.

87. Denies each and every allegation in Paragraph 87 of the Complaint.

88. Denies each and every allegation in Paragraph 88 of the Complaint.

89. Denies each and every allegation in Paragraph 89 of the Complaint.

90. Denies each and every allegation in Paragraph 90 of the Complaint.

91. Denies each and every allegation in Paragraph 91 of the Complaint.

## THIRD CAUSE OF ACTION
### Breach of Express Warranty

92. Denies, admits or otherwise responds to the allegations in Paragraphs 1-91 of the Complaint as set forth above.

93. Denies each and every allegation in Paragraph 93 of the Complaint.

94. Denies each and every allegation in Paragraph 94 of the Complaint. Specifically denies the existence of a "defect" in the door handle systems.

95. Denies each and every allegation in Paragraph 95 of the Complaint.

96. Denies each and every allegation in Paragraph 96 of the Complaint.

### FOURTH CAUSE OF ACTION
### Breach of Implied Warranty

97. Denies, admits or otherwise responds to the allegations in Paragraphs 1-96 of the Complaint as set forth above.

98. Denies each and every allegation in Paragraph 98 of the Complaint.

99. Denies each and every allegation in Paragraph 99 of the Complaint. Specifically denies the existence of a "defect" in the door handle systems.

100. Denies each and every allegation in Paragraph 100 of the Complaint.

101. Denies each and every allegation in Paragraph 101 of the Complaint.

### FIFTH CAUSE OF ACTION
### Unjust Enrichment

102. Admits, denies or otherwise responds to the allegations in Paragraphs 1-101 of the Complaint as set forth above.

103. Denies each and every allegation in Paragraph 103 of the Complaint. Specifically denies the existence of any "wrongful conduct."

104. Denies each and every allegation in Paragraph 104 of the Complaint.

105. Denies each and every allegation in Paragraph 105 of the Complaint.

106. Denies each and every allegation in Paragraph 106 of the Complaint.

107. Denies each and every allegation in Paragraph 107 of the Complaint.

108. Denies each and every allegation in Paragraph 108 of the Complaint.

Ford Canada further denies each and every allegation in the Complaint not heretofore specifically admitted, including those portions of the Complaint requesting relief. Ford Canada specifically denies that this action may be maintained as a class action on behalf of any proposed

class. Ford Canada specifically denies that Plaintiffs or anyone else claiming to be a member of the purported class is entitled to damages (compensatory or otherwise), punitive damages, attorney's fees (statutory or otherwise), litigation expenses (including disbursements, costs, and expert and accounting fees), interest, disgorgement, restitution, declaratory judgment, injunctive relief, or to any other relief of any kind whatsoever. Ford Canada further requests that the Complaint be dismissed with prejudice and that defendant be awarded its costs and such other relief as the Court deems proper.

## ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted against Ford.

2. Plaintiffs and others claimed to be members of the purported class lack standing to assert claims under the Complaint because they have alleged no cognizable injury.

3. The claims of Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, by the doctrine of assumption of risk.

4. The claims of Plaintiffs and others claimed to be members of the purported class may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose.

5. The venue is improper or inconvenient.

6. Plaintiffs and others claimed to be members of the purported class may have misused the vehicles involved in this case.

7. There is no causal relationship between Ford Canada's conduct and the injuries and damages alleged by Plaintiffs in the Complaint.

8. Plaintiffs and others claimed to be members of the purported class are barred from

recovery from Ford because an efficient intervening cause of third persons caused or contributed to cause the alleged injuries in question.

9. The vehicles of Plaintiffs and others claimed to be members of the purported class complied with state-of-the-art technology at the time of manufacture and at the time of original retail sale.

10. Plaintiffs and others claimed to be members of the purported class may have modified or substantially altered the vehicles involved in this case, which may have caused or contributed to any injuries or damages, thereby barring recovery from Ford Canada.

11. To the extent Plaintiffs or others claimed to be members of the purported class are also plaintiffs in pending actions previously filed against Ford Canada, their claims in this action should be dismissed or stayed in favor of the previously filed actions.

12. Plaintiffs and others claimed to be members of the purported class who experienced no manifestation of the alleged defect have no claim against defendant upon which relief may be granted.

13. Plaintiffs and others claimed to be members of the purported class who did not comply with operation and maintenance requirements and with all other conditions precedent to receiving service under the limited written warranty on their vehicles are barred from recovery.

14. Plaintiffs and others claimed to be members of the purported class who failed to present their vehicles to an authorized Ford dealer for repair of the alleged defects within the written warranty period, the duration of which is reasonable and legal, have no claim against defendant upon which relief can be granted.

15. Plaintiffs and others claimed to be members of the purported class who presented their vehicles to an authorized Ford dealer for warranty service and received such service have

no claim against defendant upon which relief can be granted.

16. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims.

17. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

18. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because of the collateral estopple effect of prior judgments.

19. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

20. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

21. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, by release as to those claims.

22. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, on the grounds that they are subject to the defense of accord and satisfaction.

23. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery on the ground that defendants have discharged their obligations to such claimants.

24. Plaintiffs and others claimed to be members of the putative class may be barred,

15

in whole or in part, from recovery by the doctrine of laches.

25. Plaintiffs and others claimed to be members of the putative class may be barred, in whole or in part, from recovery by the doctrine of unclean hands.

26. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, due to spoliation of evidence.

27. The claims of Plaintiffs and others claimed to be members of the purported class may be preempted, in whole or in part, by federal law.

28. As concerns all claims for breach of warranty, Ford Canada affirmatively pleads specific disclaimer, limitation of warranty, and failure to comply with the notice provisions of law prior to the filing of this action, and thus Plaintiffs' remedies are barred for any claim for breach of warranties.

29. Plaintiffs may not maintain this action as described in the Complaint as a class action.

30. Plaintiffs' claim to a class action should be denied because variations from vehicle to vehicle preclude the introduction of classwide proof as to the alleged defect or failure.

31. Plaintiffs' claim to a class action should be denied because the laws of Massachusetts may not be applicable to Plaintiffs and others claimed to be members of the purported class.

32. Plaintiffs' claim to a class action should be denied because the claim of the named plaintiff or absentee based on an incident of alleged defect manifestation is that of an individual for a separate alleged incident, unique and without cognizable class.

33. To the extent that Plaintiffs seeks punitive damages, without qualification or limitation, this claim violates Ford Canada's due process under the United States Constitution

and comparable provisions of the Massachusetts Constitution.

34. Ford Canada denies that it is guilty of conduct with respect to which punitive damages could or should be awarded, and denies that Plaintiffs have offered evidence sufficient to support or sustain the imposition of punitive damages against Ford Canada.

35. Plaintiffs are not entitled to punitive damages from Ford Canada pursuant to the facts as alleged in the Complaint.

36. Imposition of punitive damages against Ford Canada in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

37. To award punitive damages against Ford Canada in this case would have a chilling effect upon defendant's rights to open access to the courts in this State, in violation of the United States Constitution and the Constitutions of many states, separately and severally.

38. To award punitive damages against Ford Canada in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations of any contracts involving Plaintiffs and Ford.

39. Plaintiffs and some members of the purported class who misused and/or abused the vehicle that they claim is defective, or who otherwise were contributorily or comparatively negligent, are barred, in whole or in part, from recovery.

40. Plaintiffs and others claimed to be members of the purported class whose allegedly defective vehicles have been altered are barred, in whole or in part, from recovery.

41. Plaintiffs and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because the alleged problems in their vehicles involved an

intervening cause or were attributable, in whole or in part, to a cause other than the vehicle defect alleged in the Complaint.

42. Plaintiffs' tort-based claims are barred by the economic loss doctrine.

43. Ford Canada expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

44. WHEREFORE, Defendant prays that the Court determine and adjudge:

(a) that this suit cannot be maintained as a class action;

(b) that the Complaint be dismissed on the merits;

(c) that Plaintiff takes nothing by the Complaint;

(d) that Ford Canada be awarded its costs, disbursements and attorneys' fees and expenses incurred herein; and

(e) that Ford Canada be awarded such other and further relief as the Court may deem proper.

Dated: June 13, 2005                               Respectfully Submitted,

                                                   FORD MOTOR COMPANY,
                                                   FORD MOTOR COMPANY OF
                                                   CANADA, LTD.,

                                                   By their Attorneys:


                                                   */s/Joseph S. Sano*
                                                   Joseph S. Sano (BBO # 545706)
                                                   Walter B. Prince, Esq. (BBO#: 406640)
                                                   Daniel S. Tarlow, Esq. (BBO# 552920)
                                                   PRINCE, LOBEL, GLOVSKY & TYE LLP
                                                   585 Commercial Street
                                                   Boston, MA 02109
                                                   (617) 456-8100

**OF COUNSEL:**

John H. Beisner
John F. Niblock
Mel Andrew Schwing
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., Suite 1000
Washington, D.C. 20006-4001
(202) 383-5300 – Telephone
(202) 383-5414 – Fax

## **CERTIFICATE OF SERVICE**

I, Joseph S. Sano, hereby certify that on June 13, 2005, I served the within document by causing copies to be mailed by first class mail postage prepaid to counsel of record as follows:

Plaintiffs' Counsel:
David C. Strouss, Esq.
Kristin Marquis Fritz, Esq.
THORNTON & NAUMES
100 Summer Street – 30th Floor
Boston, MA 02110

Plaintiffs' Counsel:
Frederick Jekel, Esq.
William Narwold, Esq.
Suzanne Lafleur Klok, Esq.
MOTLEY RICE LLP
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

Intier Automotive Counsel:
John B. Strasburger, Esq.
Jason W. Billeck, Esq.
Weil, Gotshal & Manges LLP
700 Louisiana
Suite 1600
Houston, Texas 77002

Magna Donnelly Corp.'s Counsel:
Terri Steinhaus Reiskin, Esq.
Hogan & Hartson
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004-1109

Intier Automotive Counsel - Local
James Messenger, Esq.
Weil, Gotshal & Manges LLP
100 Federal Street
Boston, MA 02110
617-772-8300

Of Counsel - Ford Motor Company:
John H. Beisner
John F. Niblock
Mel Andrew Schwing
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., Suite 1000
Washington, D.C. 20006-4001

*/s/Joseph S. Sano*
Joseph S. Sano