UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Iannacchino,<br>Victor Marchese, and<br>Soledad Berrios,<br>Individually and as Representatives<br>   of a Proposed Class,<br><br>                     Plaintiffs,<br><br>v.<br><br>Ford Motor Company,<br>Ford Motor Company of Canada, Ltd.,<br>Magna Donnelly Corporation, Individually<br>   and d/b/a Donnelly Corp. and as successor<br>   by merger to Donnelly Corp.,<br>Intier Automotive Seating of America, Inc.,<br>   Individually and d/b/a/ Dortec Industries,<br>and<br>Intier Automotive Closures of America, Inc.,<br>   Individually and d/b/a Dortec Industries,<br><br>                     Defendants. | Civil Action No. 05 11141 RCL |

### DEFENDANTS INTIER AUTOMOTIVE
### CLOSURES OF AMERICA, INC. AND INTIER AUTOMOTIVE
### SEATING OF AMERICA INC.'S RULE 12(b)(2) MOTION TO DISMISS

Pursuant to FED. R. CIV. P. 12(b)(2), Defendants Intier Automotive Closures of America Inc. ("Intier Closures") and Intier Automotive Seating of America Inc. ("Intier Seating") move to dismiss Plaintiffs' Complaint. As grounds therefor, Intier Closures and Intier Seating state that:

    1.    This Court does not have personal jurisdiction over either Intier Closures or Intier Seating pursuant to the Massachusetts Long-Arm Statute; and

    2.    The exercise of personal jurisdiction over Intier Closures and Intier Seating would violate the due process clause because there are not sufficient contacts under either a general or specific theory of personal jurisdiction.

As further grounds for their Rule 12(b)(2) Motion to Dismiss, Intier Closures and Intier Seating rely on their Memorandum of Law in Support of its Rule 12(b)(2) Motion to Dismiss, the Declaration of Robert Tait and the Declaration of Glen M. Copeland.

## PRAYER

Because Massachusetts's long-arm statute does not authorize the exercise of personal jurisdiction over Intier Closures or Intier Seating in this forum, and because the exercise of jurisdiction over them in this forum would be unconstitutional, Intier Closures and Intier Seating respectfully ask the Court to enter findings that they lack sufficient contacts with Massachusetts to subject them to personal jurisdiction in this forum, to dismiss Intier Closures and Intier Seating from this lawsuit with prejudice in all respects, and to grant and award all other and further relief, both in law and in equity, as the Court may deem just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Intier Closures and Intier Seating request oral argument on their Motion to Dismiss.

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(A)(2)

On June 13, 2005, Andrew Swartz, counsel for Intier, contacted Plaintiffs' counsel in a good faith attempt to narrow or resolve the issues regarding Intier's Motion to Dismiss. The parties were unable to resolve or narrow the issues relating to this Motion.

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: _____
James L. Messenger BBO #547236
100 Federal Street
Boston, Massachusetts 02110
Telephone:   (617) 772-8300
Facsimile:    (617) 772-8333

OF COUNSEL:
John B. Strasburger
Jason W. Billeck
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone:   (713) 546-5000
Facsimile:    (713) 224-9511

Attorneys for Intier Automotive Closures of America Inc.
and Intier Automotive Seating of America Inc.

Dated: June 13, 2005

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendants Intier Automotive Closures of America, Inc. and Intier** Automotive **Seating of America, Inc.'s Rule 12(b)(2) Motion to Dismiss** was served upon the parties on June 13, 2005 by First Class Mail and Federal Express, addressed to the following:

David C. Strouss
Kristin Marquis Fritz
THORNTON & NAUMES
100 Summer Street—30th Floor
Boston, MA 02110
*Attorneys for Plaintiffs*

Frederick Jekel
William Narwold
Suzanne Lafleur Klok
MOTLEY RICE LLP
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
*Attorneys for Plaintiffs*

Joseph S. Sano
Walter B. Prince
Daniel S. Tarlow
PRINCE, LOBEL, GLOVSKY & TYE, LLP
585 Commercial Street
Boston, MA 02109
*Attorneys for Ford Motor Company,*
*Ford Motor Company of Canada, Ltd.*

John H. Beisner
John F. Niblock
Mel Andrew Schwing
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., Suite 1000
Washington, D.C. 20006-4001
*Attorneys for Ford Motor Company,*
*Ford Motor Company of Canada, Ltd*

Terri Steinhaus Reiskin
HOGAN & HARTSON
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
*Attorneys for Magna Donnelly Corporation*

_____
Danielle Simon