UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Joseph Iannacchino, et al.** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | Civil No. 05-cv-11141 RCL |
| | ) | |
| **Ford Motor Company, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT MAGNA DONNELLY CORPORATION'S
### ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Magna Donnelly Corporation (hereinafter "Magna Donnelly"), by counsel, hereby responds to the allegations of Plaintiffs' First Amended Complaint as follows:

1-4.    Magna Donnelly denies the allegations in paragraphs 1 through 4 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant. Magna Donnelly specifically denies that it made any warranties, express or implied, or that it breached any warranties, express or implied. Magna Donnelly further denies that it violated Mass. Gen. Laws c. 93A, §§ 2, 9 (hereinafter the Massachusetts Consumer Protection Act or "MCPA") or any other laws.

5.    In response to the allegations in paragraph 5 of the First Amended Complaint, Magna Donnelly states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Magna Donnelly specifically denies that it made or breached any warranties, express or implied, or violated the MCPA. Magna Donnelly further specifically denies that plaintiffs have been injured in any way by the conduct of this defendant.

6. In response to the allegations in paragraphs 6 of Plaintiffs' First Amended Complaint, Magna Donnelly states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies those allegations.

7. In response to the allegations in paragraph 7 of the First Amended Complaint, Magna Donnelly states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Iannacchino's residence or ownership of a Ford vehicle, and, therefore, denies those allegations. However, Magna Donnelly specifically denies that Iannacchino has been injured or damaged in any way by the conduct of this defendant.

8. In response to the allegations in paragraph 8 of the First Amended Complaint, Magna Donnelly states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Marchese's residence or ownership of a Ford vehicle, and, therefore, denies those allegations. However, Magna Donnelly specifically denies that Marchese has been injured or damaged in any way by the conduct of this defendant.

9. In response to the allegations in paragraph 9 of the First Amended Complaint, Magna Donnelly states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Berrios's residence or ownership of a Ford vehicle, and, therefore, denies those allegations. However, Magna Donnelly specifically denies that Berrios has been injured or damaged in any way by the conduct of this defendant.

10-11. The allegations in paragraphs 10 and 11 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraphs 10 and 11, and, therefore, denies those allegations.

12. In response to the allegations in paragraph 12 of Plaintiffs' First Amended Complaint, Magna Donnelly admits that it is incorporated under the laws of the State of Michigan. Magna Donnelly further states that Donnelly Corporation merged with Magna Mirrors Acquisition Corp. on or about October 1, 2002, and was known as Donnelly Corporation. In or about January 2003, the company was renamed Magna Donnelly Corporation. Magna Donnelly admits that in or about February 2003, it registered in Michigan to do business under the name Donnelly Corporation. Magna Donnelly further responds that it manufactured, assembled and sold interior and exterior door handle components for installation and use in certain Ford vehicles at various points in time, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs' vehicles are equipped with such parts, and, therefore, denies that allegation. Magna Donnelly denies that it manufactured each and every one of the thousands of parts in plaintiffs' vehicles. Except as expressly admitted herein, Magna Donnelly denies the allegations in paragraph 12 of Plaintiffs' First Amended Complaint.

13-14. The allegations in paragraphs 13 and 14 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required.

15. In response to the allegations in paragraph 15 of Plaintiffs' First Amended Complaint, Magna Donnelly states that this paragraph merely sets forth the definitions of terms as used by plaintiffs in the First Amended Complaint, and therefore requires no response.

16. In response to the allegations in paragraph 16 of Plaintiffs' First Amended Complaint, Magna Donnelly admits that plaintiffs have filed this case as a putative class action, but denies that plaintiffs can maintain this case as a class action. Magna Donnelly further denies

that plaintiffs' vehicles or the putative class members' vehicles were equipped with defective outside door handle systems, and denies that it engaged in any conduct in Massachusetts, and specifically denies that any such conduct, if it occurred at all, affected plaintiffs or members of the putative class.

17. In response to the allegations in paragraph 17 of the First Amended Complaint, Magna Donnelly states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' residents and ownership of Ford vehicles, and, therefore, denies those allegations. Magna Donnelly denies the remaining allegations in paragraph 17 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant, and specifically denies that the door handles were defective, that plaintiffs were injured in any way, and that Magna Donnelly engaged in any conduct in Massachusetts.

18. Magna Donnelly denies the allegations in paragraph 18 of the First Amended Complaint.

19. Magna Donnelly denies the allegations in paragraph 19 of the First Amended Complaint.

20. Magna Donnelly denies the allegations in paragraph 20 of the First Amended Complaint.

21. Magna Donnelly denies the allegations in paragraph 21 of the First Amended Complaint insofar as they relate to this defendant.

22. Magna Donnelly denies the allegations in paragraph 22 of the First Amended Complaint.

23. In response to the allegations in paragraph 23 of Plaintiffs' First Amended Complaint, Magna Donnelly admits that plaintiffs have filed this case as a putative class action, but denies that plaintiffs can maintain this case as a class action.

24. Magna Donnelly denies the allegations in paragraph 24 of Plaintiffs' First Amended Complaint.

25. Magna Donnelly denies the allegations in paragraph 25 of Plaintiffs' First Amended Complaint, and specifically denies that the door handles and their component parts that were supplied by Magna Donnelly did not meet Ford's internal standards.

26-32. Magna Donnelly denies the allegations in paragraphs 26 through 32, including all subparts, of Plaintiffs' First Amended Complaint.

33. In response to the allegations in paragraph 33 of Plaintiffs' First Amended Complaint, Magna Donnelly denies the factual allegations set out in the "demand letters" attached to the First Amended Complaint.

34-37. Magna Donnelly denies the allegations in paragraphs 34 through 37 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant.

38. In response to the allegations in paragraph 38 of Plaintiffs' First Amended Complaint, Magna Donnelly states that the Motor Vehicle Safety Act (the "Safety Act"), 49 U.S.C. § 30101 et seq., and the Transportation Recall, Enhancement, Accountability, and Documentation Act (the "Tread Act"), 49 U.S.C., § 30170 et seq., speak for themselves, and hence, no response is required. However, Magna Donnelly specifically denies that it had any duty to plaintiffs in this case under either of the referenced statutes, or that it breached either statute in any way.

39-43. In response to the allegations in paragraphs 39 through 43 of Plaintiffs' First Amended Complaint, Magna Donnelly states that the Safety Act speaks for itself and, therefore, no response is required. However, Magna Donnelly specifically denies that it had any duty to plaintiffs in this case under the Safety Act, or that it breached the Safety Act's provisions in any way.

44. In response to the allegations in paragraph 44 of Plaintiffs' First Amended Complaint, Magna Donnelly responds that it manufactured, assembled and sold interior and exterior door handle components for installation and use in certain Ford vehicles at various points in time. Magna Donnelly otherwise denies the allegations in paragraph 44 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant.

45. In response to the allegations in paragraph 45 of the First Amended Complaint, Magna Donnelly admits that vehicles sold in the United States must comply with all Federal Motor Vehicle Safety Standards, including FMVSS 206. Magna Donnelly denies the remaining allegations in paragraph 45 of the First Amended Complaint.

46. Magna Donnelly denies the allegations in paragraph 46 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant, and specifically denies that the door handles and their components that it supplied did not meet Ford's internal standards.

47. Magna Donnelly denies the allegations in paragraph 47 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant, and specifically denies that it had any duty to disclose anything to NHTSA or to the Plaintiffs with respect to the door handle components it supplied.

48-56. The allegations in paragraphs 48 through 56 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However,

to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48 through 56, and, therefore, denies those allegations.

57.  Magna Donnelly denies the allegations in paragraph 57 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant.

58.  The allegations in paragraph 58 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.  The allegations in paragraph 59 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 regarding the contents of Ford's engineering report. Magna Donnelly specifically denies that it ever supplied Ford with testing or analysis acknowledging or concluding that the door handles it supplied did not comply with FMVSS 206.

60-64.  The allegations in paragraphs 60 through 64 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60 through 64, and, therefore, denies those allegations.

65.  Magna Donnelly denies the allegations in paragraph 65 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant. Magna Donnelly specifically denies

that it manipulated any data or otherwise engaged in any fraudulent, improper or unlawful activity.

66. The allegations in paragraph 66 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and, therefore, denies those allegations.

67-68. Magna Donnelly denies the allegations in paragraphs 67 and 68 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant.

69. The allegations in paragraph 69 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and, therefore, denies those allegations.

70-72. Magna Donnelly denies the allegations in paragraphs 70 through 72 of Plaintiffs' First Amended Complaint.

73-74. The allegations in paragraphs 73 and 74 of Plaintiffs' First Amended Complaint do not relate to Magna Donnelly, and, therefore, no response is required. However, to the extent that a response is deemed to be required, Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 73 and 74, and, therefore, denies those allegations.

75. Magna Donnelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of Plaintiffs' First Amended Complaint, and, therefore, denies those allegations.

### FIRST CAUSE OF ACTION
### (Violation of Mass. Gen. Laws c. 93A, §§ 2, 9
### Unfair Methods of Competition and Unfair or Deceptive Acts and Practices)

76. In response to the allegations in paragraph 76 of Plaintiffs' First Amended Complaint, Magna Donnelly hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1 through 75 of Plaintiffs' First Amended Complaint.

77-82. Magna Donnelly denies the allegations in paragraphs 77 through 82, including all subparts, of Plaintiffs' First Amended Complaint insofar as they relate to this defendant. Magna Donnelly specifically denies that it violated any provision of the Massachusetts Consumer Protection Act. Magna Donnelly further denies that plaintiffs or the putative class members have sustained any injuries or damages, and further denies that any such injuries and damages, if they exist, were caused by any action or inaction on the part of Magna Donnelly, or that plaintiffs or the putative class members are entitled to any recovery whatsoever from this defendant.

### SECOND CAUSE OF ACTION
### (Conspiracy and Concert of Action to Violate Mass. Gen. Laws c. 93A, §§ 2, 9)

83. In response to the allegations in paragraph 83 of Plaintiffs' First Amended Complaint, Magna Donnelly hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1 through 82 of Plaintiffs' First Amended Complaint.

84-91. Magna Donnelly denies the allegations in paragraphs 84 through 91 of Plaintiffs' First Amended Complaint. Magna Donnelly specifically denies that it conspired or engaged in a concert of action to violate any provision of the Massachusetts Consumer Protection Act. Magna Donnelly further denies that plaintiffs or the putative class members have sustained any injuries or damages, and further denies that any such injuries and damages, if they exist, were caused by any action or inaction on the part of Magna Donnelly, or that plaintiffs or the putative class members are entitled to any recovery whatsoever from this defendant.

**THIRD CAUSE OF ACTION**
**(Breach of Express Warranty)**

92. In response to the allegations in paragraph 92 of Plaintiffs' First Amended Complaint, Magna Donnelly hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1 through 91 of Plaintiffs' First Amended Complaint.

93-96. Magna Donnelly denies the allegations in paragraphs 93 through 96 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant. Magna Donnelly specifically denies that it made any warranties, express or implied, to plaintiffs or members of the putative class, or that it breached any warranties, express or implied. Magna Donnelly further denies that plaintiffs or the putative class members sustained any injuries or damages, and further denies that such injuries or damages, if they exist, were caused by any action or inaction on the part of Magna Donnelly, or that plaintiffs or the putative class members are entitled to any recovery whatsoever from this defendant.

## FOURTH CAUSE OF ACTION
### (Breach Of Implied Warranty)

97. In response to the allegations in paragraph 97 of Plaintiffs' First Amended Complaint, Magna Donnelly hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1 through 96 of Plaintiffs' First Amended Complaint.

98-101. Magna Donnelly denies the allegations in paragraphs 98 through 101 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant. Magna Donnelly specifically denies that it made any warranties, express or implied, to plaintiffs or members of the putative class, or that it breached any warranties, express or implied. Magna Donnelly further denies that plaintiffs or the putative class members sustained any injuries or damages, and further denies that such injuries or damages, if they exist, were caused by any action or inaction on the part of Magna Donnelly, or that plaintiffs or the putative class members are entitled to any recovery whatsoever from this defendant.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

102. In response to the allegations in paragraph 102 of Plaintiffs' First Amended Complaint, Magna Donnelly hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1 through 101 of Plaintiffs' First Amended Complaint.

102-108. Magna Donnelly denies the allegations in paragraphs 102 through 108 of Plaintiffs' First Amended Complaint insofar as they relate to this defendant. Magna Donnelly specifically denies that it engaged in any wrongful conduct or that plaintiffs or the putative class

members were injured or damaged, or are entitled to any recovery whatsoever from this defendant.

In response to the allegations in the unnumbered paragraph titled "Prayer for Relief" in Plaintiffs' First Amended Complaint, Magna Donnelly denies the allegations in that paragraph, including all subparts, and specifically denies that the plaintiffs and members of the putative class are entitled to the relief requested therein or any relief whatsoever.

Magna Donnelly hereby denies all of the allegations in Plaintiffs' First Amended Complaint to the extent that they have not already been specifically admitted, denied, or otherwise responded to herein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Magna Donnelly.

### SECOND DEFENSE
### (Failure to State a Claim)

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE
### (Statute of Limitations and/or Repose)

The claims of plaintiffs and members of the putative class may be time-barred, in whole or in part, under applicable statutes of limitations and/or repose.

## FOURTH DEFENSE
### (Laches, Waiver and/or Estoppel)

The claims of plaintiffs and members of the putative class may be barred by the doctrines of laches, waiver, estoppel, and/or any recovery would result in the plaintiffs being unjustly enriched.

## FIFTH DEFENSE
### (Misuse or Alteration of Product)

The injuries or damages, if any, sustained by plaintiffs and members of the putative class may have been caused, in whole or in part, by alteration, change or misuse of the products at issue.

## SIXTH DEFENSE
### (Superseding Cause)

The injuries or damages, if any, sustained by plaintiffs and members of the putative class may have been caused, in whole or in part, by the actions, omissions or negligence of persons other than Magna Donnelly and for whom Magna Donnelly is not liable.

## SEVENTH DEFENSE
### (Compliance with Federal and State Law)

Magna Donnelly complied with all applicable federal, state, and local statutes and/or regulations.

## EIGHTH DEFENSE
### (Component Part Manufacturer Defense)

Magna Donnelly had no control over the products that allegedly caused injury or damage to plaintiffs and members of the putative class, and Magna Donnelly hereby specifically pleads the component part manufacturer defense recognized in section 5 of the Restatement (Third) of Torts: Products Liability (1998).

## NINTH DEFENSE
### (Lack of Legally Cognizable Injury)

The claims of plaintiffs and members of the putative class may be barred, in whole or in part, by lack of a legally cognizable injury.

## TENTH DEFENSE
### (Lack of Standing)

The claims of plaintiffs and members of the putative class may be barred, in whole or in part, by lack of standing.

## ELEVENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs and members of the putative class failed to mitigate their damages, if any.

## TWELFTH DEFENSE
### (Claim and/or Issue Preclusion)

The claims of plaintiffs and members of the putative class may be barred, in whole or in part, by the doctrines of claim preclusion and/or issue preclusion.

## THIRTEENTH DEFENSE
### (Preemption)

The claims of plaintiffs and members of the putative class are barred by the preemptive effect of federal law.

## FOURTEENTH DEFENSE
### (Primary Jurisdiction)

The claims of plaintiffs and members of the putative class should be dismissed, or stayed, on the basis of the primary jurisdiction doctrine.

## FIFTEENTH DEFENSE
### (Accord and Satisfaction)

The claims of plaintiffs and members of the putative class may be barred by the doctrines of accord and satisfaction, payment, release, and/or discharge.

## SIXTEENTH DEFENSE
### (Improper as Class Action)

Plaintiffs cannot maintain this action as a class action.

## SEVENTEENTH DEFENSE
### (Punitive Damages)

To the extent that Plaintiffs' First Amended Complaint seeks punitive damages, without qualification or limitation, this claim violates Magna Donnelly's right to due process under the United States Constitution.

## EIGHTEENTH DEFENSE
### (Punitive Damages)

To award punitive damages against Magna Donnelly in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution; the Eighth Amendment to the United States Constitution; and Article I, Section 10 of the United States Constitution, barring the impairment of contracts and other laws.

## NINETEENTH DEFENSE
### (Unconstitutionality of Treble Damages Provision)

The treble damages provision of Mass. Gen. Laws c. 93A § 9 is unconstitutional because it violates Magna Donnelly's substantive and procedural due process rights, and denies Magna Donnelly the equal protection of the laws.

## TWENTIETH DEFENSE
### (Privity)

Plaintiffs' claims may be barred, in whole or in part, by lack of privity.

**TWENTY-FIRST DEFENSE**
**(Failure to Provide Notice Within Warranty Period)**

If a warranty is found to exist (and Magna Donnelly denies that it made any warranties to plaintiffs), plaintiffs failed to provide notice to Magna Donnelly of the alleged defect and failed to present the vehicle or the component parts in question to Magna Donnelly for repair of the alleged defect within the written warranty period, the duration of which is reasonable and legal.

**TWENTY-SECOND DEFENSE**
**(Untimely and Insufficient Notice)**

Plaintiffs failed to give Magna Donnelly timely and sufficient notice of the breach of warranty claims and hence plaintiffs' breach of warranty claims are barred under the applicable provisions of the Uniform Commercial Code.

**TWENTY-THIRD DEFENSE**
**(Additional Defenses)**

Magna Donnelly hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent, particularly in that the Court has not decided which State's law will apply to the claims against Magna Donnelly, and, thus, reserves the right to amend its Answer to assert such additional defenses.

**JURY DEMAND**

Magna Donnelly hereby demands a trial by jury on all issues so triable.

WHEREFORE, having fully answered, Defendant Magna Donnelly Corporation respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' First Amended Complaint with prejudice, to award Magna Donnelly Corporation its costs incurred in this action, and to grant Magna Donnelly Corporation all other appropriate relief.

Respectfully submitted,
MAGNA DONNELLY CORPORATION,
By its attorneys,

_____
Peter M. Durney, Esq. BBO #139260
Patricia A. Hartnett, Esq. BBO #568206
CORNELL & GOLLUB
75 Federal Street
Boston, Massachusetts 02110
(617) 482-8100 (telephone)
(617) 482-3917 (facsimile)

OF COUNSEL:

Terri S. Reiskin
Eric C. Tew
HOGAN & HARTSON L.L.P.
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2005, a true and correct copy of the foregoing Defendant Magna Donnelly Corporation's Answer to Plaintiff's First Amended Complaint was served via first-class, postage pre-paid, U.S. Mail on:

David C. Strouss, Esq.
Kristen Marquis Fritz, Esq.
THORNTON & NAUMES
100 Summer Street – 30th Floor
Boston, MA 02110

Frederick Jekel, Esq.
William Narwold, Esq.
Suzanne Lafleur Klok, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Joseph S. Sano, Esq.
Walter B. Prince, Esq.
Daniel S. Tarlow, Esq.
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109

John H. Beisner, Esq.
John F. Niblock, Esq.
Mel Andrew Schwing, Esq.
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., Suite 1000
Washington, D.C. 20006-4001

John B. Strasburger, Esq.
James Messenger, Esq.
Jason W. Billeck, Esq.
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

_____
Peter M. Durney