UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Iannacchino,<br>Victor Marchese, and<br>Soledad Berrios,<br>Individually and as Representatives<br>   of a Proposed Class,<br><br>                      Plaintiffs,<br><br>v.<br><br>Ford Motor Company,<br>Ford Motor Company of Canada, Ltd.,<br>Magna Donnelly Corporation, Individually<br>  and d/b/a Donnelly Corp. and as successor<br>  by merger to Donnelly Corp.,<br>Intier Automotive Seating of America, Inc.,<br>  Individually and d/b/a/ Dortec Industries,<br>and<br>Intier Automotive Closures of America, Inc.,<br>  Individually and d/b/a Dortec Industries,<br><br>                      Defendants. | Civil Action No. 05-CV-11141-RCL |

### DECLARATION OF GLEN M. COPELAND IN SUPPORT
### OF INTIER AUTOMOTIVE SEATING OF AMERICA INC.'S
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Glen M. Copeland, hereby declare pursuant to section 1746 of title 28 of the United States Code:

1.     My name is Glen M. Copeland. I am of lawful age and am a resident of Michigan. My work address is 39600 Lewis Drive, Novi Michigan 48377. I am fully competent to make this affidavit. I am Vice President - Finance for Intier Automotive Seating of America Inc. I have personal knowledge of the facts stated herein and all such representations are true and correct.

2. Intier Automotive Seating of America Inc. ("Intier Seating") is a Delaware corporation with its principal place of business in Michigan.

3. Intier Seating has no contacts with Massachusetts that are related to Plaintiffs' claims in this lawsuit. Intier Seating does not manufacture, distribute, or sell any door latch components.

4. Finally, Intier Seating:

    a. Does not own, operate, lease, or control any real or personal property in Massachusetts;

    b. Does not have an office in Massachusetts;

    c. Does not have a telephone listing or address in Massachusetts;

    d. Does not have employees, agents, or representatives in Massachusetts;

    e. Does not recruit employees in Massachusetts;

    f. Does not manufacture any product in Massachusetts;

    g. Does not sell or deliver products or goods to Massachusetts and does not participate in or control any decision to sell or deliver products to Massachusetts;

    h. Does not have or control any distribution system that brings any goods or services into Massachusetts;

    i. Is not licensed or qualified to do business in Massachusetts;

    j. Does not conduct business in Massachusetts;

    k. Does not advertise or solicit business in Massachusetts;

    l. Has not authorized any person or entity to do business in Massachusetts on their behalf;

    m. Has not established any channels for customer service in Massachusetts;

    n. Has not authorized any individual or corporation to accept service of process in Massachusetts on its behalf;

    o. Does not conduct any activities in Massachusetts from which they derive any revenue;

    p. Does not have a bank account in Massachusetts;

    q. Does not maintain any corporate books or records in Massachusetts;

    r.    Does not incur any obligation to file tax returns or pay taxes, and does not file tax returns or pay taxes in Massachusetts;

    s.    Is not registered to do business in Massachusetts; and

    t.    Has not designated, and is not required to designate, an individual or corporation as their agent under Massachusetts law.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on June __6__, 2005.

_____
Glen M. Copeland