UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Iannacchino,<br>Victor Marchese, and<br>Soledad Berrios,<br>Individually and as Representatives<br>   of a Proposed Class,<br><br>                     Plaintiffs,<br><br>v.<br><br>Ford Motor Company,<br>Ford Motor Company of Canada, Ltd.,<br>Magna Donnelly Corporation, Individually<br>   and d/b/a Donnelly Corp. and as successor<br>   by merger to Donnelly Corp.,<br>Intier Automotive Seating of America, Inc.,<br>   Individually and d/b/a/ Dortec Industries,<br>and<br>Intier Automotive Closures of America, Inc.,<br>   Individually and d/b/a Dortec Industries,<br><br>                     Defendants. | Civil Action No. 05-CV-11141-RCL |

**DEFENDANTS INTIER AUTOMOTIVE CLOSURES OF AMERICA INC.'S
AND INTIER AUTOMOTIVE SEATING OF AMERICA INC.'S
REPLY MEMORANDUM IN SUPPORT OF
<u>THEIR RULE 12(b)(2) MOTION TO DISMISS</u>**

Defendants Intier Automotive Closures of America Inc. ("Intier Closures of America") and Intier Automotive Seating of America Inc. ("Intier Seating of America") submit this Reply Memorandum to Plaintiffs' Opposition to Intier Closures of America's and Intier Seating of America's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction.

### I. <u>SUMMARY OF REPLY</u>

Plaintiffs' Opposition confuses the defendants in this case, Intier Closures of America and Intier Seating of America, with entirely separate and distinct corporations. As a

result, none of the evidence submitted by plaintiffs establishes that either Intier Closures of America or Intier Seating of America has had *any* contacts with this forum. Plaintiffs have not met their burden of demonstrating that the exercise of jurisdiction over Intier Closures of America or Intier Seating of America would be proper in this case.

The heart of plaintiffs' Opposition is a lawsuit filed in this Court against Intier Automotive Closures Inc., a separate corporate entity that is not a defendant in the present suit. According to plaintiffs, this other lawsuit against Intier Automotive Closures Inc. establishes that Intier Closures of America and Intier Seating of America previously availed themselves of the laws of this forum. Plaintiffs fail to notice, however, that the sole defendant in the other case, "Intier Automotive Closures Inc.," is not a defendant in this case. Whatever contacts Intier Automotive Closures Inc. had with this forum, if any, are not relevant to whether two different companies that are named as defendants in this action are subject to personal jurisdiction in this forum. Plaintiffs also attempt to bolster their jurisdictional argument by asserting that an individual corporate director is a Massachusetts resident. This assertion is also factually incorrect, however, and thus cannot support the exercise of jurisdiction. As is clear from plaintiffs' own exhibits, the referenced individual was a director of Intier Automotive Inc., another corporation that is separate and distinct from both Intier Closures of America or Intier Seating of America. Finally, plaintiffs argue that the exercise of jurisdiction over Intier Closures of America and Intier Seating of America is proper because advertisements were placed in a nationally-distributed trade magazine. Even if Intier Closures of America or Intier Seating of America had placed these advertisements—which they did not—placing an advertisement in a nationally-distributed periodical is not a contact which would give rise to personal jurisdiction in Massachusetts. *See Polaroid Corp. v. Feely*, 889 F. Supp. 21, 27 (D. Mass. 1995)

("Massachusetts courts have held that national advertisements not aimed specifically at Massachusetts residents cannot subject a defendant to jurisdiction in this state."); *Rhodes v. Tallarico*, 751 F. Supp. 277, 278 (D. Mass. 1990).

The fact remains that both Intier Closures of America and Intier Seating of America are non-resident corporations that have had no contact whatsoever with Massachusetts that would subject them to personal jurisdiction in this forum. *See* Defs.' Mot. to Dismiss at 3-5. Intier Closures of America and Intier Seating of America do not conduct any business in Massachusetts, are not licensed or qualified to conduct business in Massachusetts, and have not authorized any person or entity to conduct business in Massachusetts on their behalf. *Id.* at 4.

Plaintiffs have failed to offer any evidence whatsoever to satisfy their burden of establishing that either Intier Closures of America or Intier Seating of America are subject to personal jurisdiction in this forum. Plaintiffs' failure to present even a colorable argument in support of personal jurisdiction warrants the denial of their request for jurisdictional discovery. Accordingly, Intier Closures of America and Intier Seating of America ask the Court to grant their motion to dismiss and to reject plaintiffs' groundless demand for additional discovery.[1]

---

[1] In their Opposition, Plaintiffs also mistakenly claim that the "First Circuit is the only circuit to adopt Justice O'Connor's plurality opinion from *Asahi* . . . ." Pls.' Opp'n at 17. That is not the case. In addition to the First Circuit, the Fourth, Sixth, Eighth, and Eleventh Circuits have also adopted O'Connor's plurality approach. *See Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 480 (6th Cir. 2003); *Hesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994) ("To permit a state to assert jurisdiction over any person in the country whose product is sold in the state simply because a person must expect that to happen destroys the notion of individual sovereignties inherent in our system of federalism."); *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 375-376 (8th Cir. 1990); *Madura v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990).

## II. ARGUMENT

### A. Plaintiffs Have Not Met Their Burden of Establishing Personal Jurisdiction

Plaintiffs concede that they bear the burden of establishing personal jurisdiction over Intier Closures of America and Intier Seating of America. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n") at 8. Plaintiffs fail to meet that burden.

#### 1. *The Stoneridge Lawsuit Is Not Related To Either Intier Closures of America or Intier Seating of America*

The heart of plaintiffs' jurisdictional argument is a case filed in this Court, *Stoneridge Control Devices, Inc. v. Intier Automotive Closures*, No. 02-CV-10803. According to plaintiffs, the *Stoneridge* case is "damning" evidence of personal jurisdiction over Intier Closures of America and Intier Seating of America. Pls.' Opp'n at 9. What plaintiffs fail to note, however, is that neither Intier Closures of America nor Intier Seating of America were parties to the *Stoneridge* case. The lone defendant in that case was "Intier Automotive Closures Inc." The style of the case lists only "Intier Automotive Closures" as a defendant. *See* Pls.' Opp'n, Exs. A, B. The signature page lists only "Intier Automotive Closures Inc." *Id.* The answer is styled "Intier Automotive Closures's Answer to the Amended Complaint." Pls.' Opp'n, Ex. A. The answer also states that the correct name of the defendant named in the amended complaint is "Intier Automotive Closures Inc." *Id.* at ¶ 3. Neither Intier Closures of America nor Intier Seating of America appear in any of the filings submitted by plaintiffs.

Intier Automotive Closures Inc., the only defendant in *Stoneridge*, is an entirely different corporate entity than either Intier Closures of America or Intier Seating of America.[2]

---

[2] Defendants do not concede, of course, that if Intier Automotive Closures Inc. was a defendant in this case, it would be subject to personal jurisdiction in this forum. Jurisdiction in *Stoneridge* was based on specific jurisdiction, which cannot be met in this case with respect to Intier Automotive Closures Inc. Moreover, involvement in one lawsuit does not constitute a course of continuous and systematic contacts required to meet the requirements of general jurisdiction.

Intier Automotive Closures Inc. is a Canadian corporation "organized under the laws of the province of Ontario, Canada." Pls.' Opp'n, Ex. A ¶ 6. In contrast, plaintiffs admit in their Complaint that Intier Closures of America and Intier Seating of America are both American companies, incorporated under the laws of Delaware with their principal places of business in Michigan. *See* Pls. 1st Am. Compl. ¶¶ 13, 14. All three companies have separate management and employees, separate finances, separate articles of incorporation, separate by-laws, separate corporate minutes and resolutions, and separate accounting books. *See* Second Declaration of Robert Tait ¶¶ 5, 6; Second Declaration of Glen Copeland ¶ 5.[3]

Intier Closures of America and Intier Seating of America did not participate in the *Stonebridge* lawsuit. The *Stonebridge* lawsuit simply has no bearing on this motion to dismiss. Accordingly, plaintiffs' reliance on the *Stonebridge* lawsuit to support personal jurisdiction over Intier Closures of America and Intier Seating of America is factually inaccurate and entirely misplaced.

### 2. *Louis E. Lataif Is Not a Director of Intier Closures of America or Intier Seating of America*

Next, plaintiffs mistakenly claim that "Intier's Lead Director, Louis Lataif, is a resident of [Massachusetts] where he undertakes the business of Intier's Board of Directors." Pls.' Opp'n at 3. Citing Lataif's Massachusetts residency, plaintiffs assert that "Intier should be

---

[3] Moreover, the jurisdictional contacts of Intier Automotive Closures Inc. cannot be used to establish personal jurisdiction over either Intier Closures of America or Intier Seating of America. *See In re Lernout & Hauspie Sec. Litig.*, 337 F.Supp.2d 298, 312 (D. Mass. 2004); *In re Lupon Marketing and Sales Practices Litig.*, 245 F.Supp.2d 280, 291 (D. Mass. 2003). Even related corporations, such as a parent and subsidiary, are regarded as institutionally independent of each other for jurisdictional purposes. *Lernout*, 337 F.Supp.2d at 312; *Lupon*, 245 F.Supp.2d at 291. Therefore, as a matter of law, any contacts Intier Automotive Closures Inc. may have had with this forum are irrelevant to determining whether this Court has jurisdiction over Intier Closures of America and Intier Seating of America. Plaintiffs have not suggested, nor could they in this case, that this is one of the rare instances in which courts look beyond the corporate veil. *See Lupron*, 245 F.Supp.2d at 291. Indeed, Plaintiffs have not even attempted to meet, nor could they, the "clear evidence" standard required to do so. *See id.*

deemed to have contacts with Massachusetts based on Mr. Lataif's conducting board business from the forum." Pls.' Opp'n at 5.

Once again, plaintiffs confuse Intier Closures of America and Intier Seating of America with an entirely different corporate entity. Plaintiffs' own exhibits demonstrate that Lataif is a director of Intier Automotive Inc., not Intier Closures of America or Intier Seating of America. *See* Pls.' Opp'n, Exs. G, H. Plaintiffs present the Court with an SEC filing which lists Lataif as a "Lead Director." Pls.' Opp'n, Ex. G. This SEC filing, however, does not relate to either Intier Closures of America or Intier Seating of America. The filer is listed as "Intier Automotive Inc." Intier Automotive Inc. is an entirely separate and independent corporate entity from either Intier Closures of America and Intier Seating of America. Intier Automotive Inc. is organized under the laws of Ontario Canada, operating out of Newmarket, Ontario. *See Id.* There is complete separateness among Intier Automotive Inc. and Intier Closures of America and Intier Seating of America: all three companies have separate boards of directors, separate management and employees, separate finances, separate articles of incorporation, separate by-laws, separate corporate minutes and resolutions, and keep separate accounting books. *See* Second Tait Declaration ¶ 7; Second Copeland Declaration ¶ 6. Lataif's relationship with Intier Automotive Inc. is irrelevant to the authority of this Court to exert jurisdiction over Intier Closures of America and Intier Seating of America.

3.  *Nationally-Distributed Advertisements Do Not Subject a Defendant to Jurisdiction in a Particular Forum*

Finally, plaintiffs claim that Intier Closures of America and Intier Seating of America are subject to jurisdiction because they placed advertisements in nationally-distributed magazines that were sold in Massachusetts. *See* Pls.' Opp'n at Exs. C-F. Contrary to Plaintiffs' unsubstantiated assertions, however, neither Intier Closures of America nor Intier Seating of

America placed these advertisements. *See* Second Tait Declaration ¶ 8; Second Copeland Declaration ¶ 7. None of the advertisements identify or make reference to Intier Closures of America or Intier Seating of America. Even if plaintiffs' factual allegations were true, placement of an advertisement in a nationally-distributed magazine is not sufficient to subject the advertiser to jurisdiction in Massachusetts. *See Polaroid*, 889 F. Supp. at 27 ("Massachusetts courts have held that national advertisements not aimed specifically at Massachusetts residents cannot subject a defendant to jurisdiction in this state."); *Rhodes*, 751 F. Supp. at 278. As a result, plaintiffs' reliance on the alleged advertisements to support jurisdiction over Intier Closures of America and Intier Seating of America is both factually and legally flawed.

In sum, plaintiffs utterly confuse Intier Closures of America and Intier Seating of America with completely separate and independent corporate entities. In so doing, plaintiffs fail to muster any evidence that either Intier Closures of America or Intier Seating of America have had any contacts with the forum warranting the exercise of personal jurisdiction. Contrary to Plaintiffs' mistaken and unsubstantiated claims, neither company has availed itself of the laws of this jurisdiction. Accordingly, Intier Closures of America and Intier Seating of America ask the Court to grant their motion to dismiss for lack of personal jurisdiction.

**B.    Plaintiffs Have Not Made a Colorable Case For Jurisdictional Discovery**

Plaintiffs additionally ask the Court to authorize jurisdictional discovery. Under clear precedent from the First Circuit, however, jurisdictional discovery is warranted only when the plaintiff makes a "colorable case for the existence of *in personam* jurisdiction." *United States v. Swiss Am. Bank, Ltd.*, 274 F. 3d 610, 625 (1st Cir. 2001). Moreover, for discovery to be permissible, the plaintiff must be "diligent" in presenting a case for the existence of jurisdiction.

*Id.* at 626. "This includes the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." *Id.*

In this case, plaintiffs have not presented a "colorable" case for the existence of jurisdiction over Intier Closures of America or Intier Seating of America. Plaintiffs have failed to present any evidence whatsoever that either Intier Closures of America or Intier Seating of America have had contacts with this forum which would support the existence of personal jurisdiction. The entirety of plaintiffs' jurisdictional case consists of irrelevant evidence regarding unrelated corporate entities. Plaintiffs' apparent failure to distinguish different corporate entities does not suggest the kind of diligence which would warrant further discovery. Moreover, plaintiffs' Opposition does not raise a single fact related to either Intier Closures of America or Intier Seating of America that would demonstrate why jurisdiction would be found if the Court were to permit further discovery.

### III. CONCLUSION

Plaintiffs' Opposition fails to identify any facts which would support the exercise of personal jurisdiction over Intier Closures of America or Intier Seating of America. Accordingly, plaintiffs have not carried their burden of establishing that this Court has jurisdiction over either of the defendants in this case. Both Intier Closures of America and Intier Seating of America are non-resident corporations that have no contact whatsoever with Massachusetts that would subject them to personal jurisdiction in this forum. *See* Defs.' Mot. to Dismiss at 3-5. Intier Closures of America and Intier Seating of America do not conduct any business in Massachusetts, are not licensed or qualified to conduct business in Massachusetts, and have not authorized any person or entity to conduct business in Massachusetts on their behalf. *Id.* at 4. Nor have plaintiffs proved a colorable basis to support their request to conduct jurisdictional discovery. Accordingly, Intier Closures of America and Intier Seating of America

respectfully request that the Court grant their motion to dismiss, deny plaintiffs' requests for jurisdictional discovery, and award them all relief, both in law and equity, to which they are entitled.

                                                Respectfully submitted,

                                                WEIL, GOTSHAL & MANGES LLP

                                        By: _____
                                               James L. Messenger BBO #547236
                                               100 Federal Street
                                               Boston, Massachusetts 02110
                                               Telephone:  (617) 772-8300
                                               Facsimile:  (617) 772-8333

OF COUNSEL:
John B. Strasburger
Jason W. Billeck
Andrew R. Swartz
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Attorneys for Intier Automotive Closures of America Inc.
and Intier Automotive Seating of America Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants Intier Automotive Closures Of America Inc.'s and Intier Automotive Seating Of America Inc.'s Reply Memorandum in Support of Their 12(b)(2) Motion to Dismiss was served upon the parties on July 13, 2005, by first class mail, addressed to the following:

David C. Strouss
Kristin Marquis Fritz
THORNTON & NAUMES
100 Summer Street—30th Floor
Boston, MA 02110
*Attorneys for Plaintiffs*

Frederick Jekel
William Narwold
Suzanne Lafleur Klok
MOTLEY RICE LLP
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
*Attorneys for Plaintiffs*

Joseph S. Sano
Walter B. Prince
Daniel S. Tarlow
PRINCE, LOBEL, GLOVSKY & TYE, LLP
585 Commercial Street
Boston, MA 02109
*Attorneys for Ford Motor Company,
Ford Motor Company of Canada, Ltd.*

John H. Beisner
John F. Niblock
Mel Andrew Schwing
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., Suite 1000
Washington, D.C. 20006-4001
*Attorneys for Ford Motor Company,
Ford Motor Company of Canada, Ltd*

Terri Steinhaus Reiskin
HOGAN & HARTSON
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
*Attorneys for Magna Donnelly Corporation*

_____
Patrick J. O'Toole, Jr.