UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Iannacchino, )<br>Victor Marchese, and )<br>Soledad Berrios, )<br>Individually and as )<br>    Representatives of a Proposed Class, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Ford Motor Company, )<br>Ford Motor Company of Canada, Ltd., )<br>Magna Donnelly Corporation, Individually )<br>  And d/b/a Donnelly Corp. and as successor )<br>  By merger to Donnelly Corp., )<br>Intier Automotive Seating of America, Inc., )<br>  Individually and d/b/a Dortec Industries, )<br>And )<br>Intier Automotive Closures of America, Inc.,)<br>  Individually and d/b/a Dortec Industries, )<br>)<br>Defendants. ) | CIVIL ACTION NO:<br>1:05-cv-11141-RCL |

**PLAINTIFFS' REPLY TO FORD'S OPPOSITION TO
PLAINTIFFS' MOTION FOR REMAND**

**I.   Introduction**

On July 14, 2005, Ford Motor Company and Ford Motor Company of Canada (hereinafter collectively "Ford") filed an Opposition to Plaintiffs' Motion to Remand. Ford's Opposition was joined by Magna Donnelly Corporation. Many of the arguments presented in Ford's Opposition are the same as made in its Notice of Removal. As to those arguments, Plaintiffs will not burden the Court with repetitive responses. This Reply will only address issues or arguments newly raised in Ford's Opposition. As to the remainder of arguments made by Ford, Plaintiffs rely on their Memorandum of Law in Support of Motion for Remand.

II.  **Argument**

   **A. Federal question jurisdiction does not exist.**

In its Opposition, Ford relies heavily on the recent Supreme Court opinion in the case of *Grable & Sons Metal Prods. Inc., v. Darue Eng'g & Mfg.*, ___ U.S. ___, No. 04-603, 2005 WL 1383604 (U.S. June 13, 2005). At issue in that case was whether federal jurisdiction existed over claims of title to land between non-diverse parties where a disputed issue of federal title law was raised. *Id.* at *2. In analyzing the issue, the Court stated that the baseline requirements for federal jurisdiction are a contested federal issue that is also a substantial one. *Id.* at *4. In addition, the Court noted that "even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* The Court went on to state that "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." *Id.* That Court also noted that the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *Id.*

   **1. Federal question jurisdiction does not exist because Plaintiffs' claims do not involve a substantial contested federal issue.**

Plaintiffs' claims do not involve a substantial contested federal issue. Ford states that a substantial and disputed federal issue exists because "the claims hinge on one core allegation – that the door handle mechanisms in the vehicles at issue did not comply with federal safety standards...." Opp. at p. 7. This argument is factually flawed and legally

insufficient. In order for a state-law claim to raise substantial questions of federal law, the focus is whether the claim "necessarily turn[s] on some construction of federal law, or if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." *Korb v. Raytheon Co.*, 707 F.Supp. 63, 69 (D.Mass.1989). In this case, Plaintiffs' causes of action sound solely in state common and statutory law. Plaintiffs' Complaint seeks compensation for the identification and replacement of the defective door latch assemblies along with notice to the Class of the potential for serious injury or death that could result from failure of the outside door latch assemblies. In order for Plaintiffs to recover, they are not obligated to establish the correctness nor the applicability of any federal law. They are only obligated to establish that Ford (and other defendants) violated state statutory and common laws by increasing the risk of serious injury or death that could result from failure of the outside door latch assemblies. In this case, there is no serious federal interest in claiming the advantages inherent in having a federal forum decide these state law claims.

Ford also relies on *Grable* for its claim that a strong government interest is implicated in this case. The *Grable* case involved a federal tax provision that implicated the government interest in the "prompt and certain collection of delinquent taxes." *Grable*, at *5. In that case, the Court found that the government had a "direct interest in the availability of a federal forum to vindicate its own administrative action." *Id.* In this case, to the contrary, no government interest is implicated. The claims and causes of action in Plaintiffs' Complaint raise state consumer protection, warranty and other common law claims. These claims arise under state law and implicate the state's interest in protecting its residents from the risk of serious injury or death that could result from failure of the outside door latch assemblies.

3

Therefore, this case does not involve a substantial federal issue so as to invoke federal jurisdiction.

### 2. Federal question jurisdiction is improper because to allow such would upset the balance between federal and state judicial responsibilities.

The presence of a federal issue does not automatically result in federal jurisdiction over any state action embracing a point of federal law. *Grable, supra* at *4. Even if this Court finds that a substantial contested federal issue exists in this case, the exercise of federal jurisdiction over such issues would greatly upset the balance between federal and state judicial responsibilities. The Supreme Court stated that even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is not always proper. *Id.* In these circumstances, the issue becomes whether federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts. *Id.*

The Supreme Court noted that the absence of a federal private right of action is "evidence relevant to, but not dispositive…" on the issue of proper jurisdiction. *Id.* at *6. In this case, the Safety Act, on which Plaintiffs' state tort claims rest in part to create a presumption of negligence, provides no private right of action nor does the same allow Plaintiffs to seek other damages. In fact, the statute does not include any provision affording consumers such as Plaintiffs with a cause of action for damages or injunctive relief. To the contrary, the Safety Act provides only for an administrative remedy for review of complaints about a recall. *See,* 49 U.S.C. §30162 (permitting an interested person to file a petition with the Secretary requesting commencement of a proceeding to prescribe a standard or find a defect and order a remedy) and §30163 (allowing United

4

States Attorney General to file a civil action to enjoin violations). These subsections demonstrate that Congress considered who should have a right to sue and did not allow for a private cause of action under the statute, thereby requiring Plaintiffs to pursue alternative remedies. *See, Cabana v. Forcier,* 148 F.Supp.2d 110 (D.Mass.2001) (Pleading a violation of federal statute as element of state law cause of action is insufficient to confer federal question jurisdiction, when statute does not provide for private cause of action.).

In reviewing the case of *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229 (1986), the Supreme Court urged that the opinion be "read in its entirety." *Grable*, at *6. The Court discussed that the *Merrell Dow* case involved a state tort claim that rested in part on violation of a federal labeling standard that created a presumption of negligence under Ohio law. *Id.* The *Grable* Court then recognized that the primary importance of the absence of a federal private right of action

> "emerged when the [*Merrell Dow*] Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331....exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases."

*Id.* The *Grable* Court then distinguished the facts of the case before it noting that "it is the rare state quiet tile action that involves contested issues of federal law. Consequently, jurisdiction over actions like Grable's would not materially affect, or threaten to affect, the normal currents of litigation." *Id.* at *7. The Court then concluded that there was no

reason to reject jurisdiction "[g]iven the absence of threatening structural consequences...." *Id.*

The claims in this case, like *Merrell Dow*, and as recognized by the Supreme Court in *Grable*, are state tort claims that rest in part on violation of federal motor vehicle safety standards that create a presumption of negligence (and other statutory and common law violations) under Massachusetts law. If this Court were to exercise federal jurisdiction over a state tort claims, a "horde of original filings and removal cases raising other state claims with embedded federal issues" would suddenly be before the Court. That is, if the mere mention of a federal motor vehicle safety standard in a complaint based solely on state law and without a federal cause of action could get the state claim into federal court, so could any other federal standard without a federal cause of action. That would mean a tremendous number of cases for this Court. This is not the *Grable* case where "it will be the rare state title case that raises a contested matter of federal law," *id.* at *5, and jurisdiction over such actions "would not materially affect, or threaten to affect, the normal currents of litigation," *id.* at *7. Contrary to *Grable*, it would not be "rare" for cases such as the present one to find their way to this Court and jurisdiction over such actions would certainly and materially affect the normal currents of litigation. As such, the exercise of federal jurisdiction over such issues would greatly upset the balance between federal and state judicial responsibilities. Therefore, this Court should find that federal jurisdiction over this action is not proper.

### 3. Each of the federal District Courts faced with the issue of whether federal jurisdiction over these claims is proper have not misconstrued the law in finding jurisdiction lacking.

In its Opposition, Ford claims that each of the District Courts that have directly addressed this issue, that is the Northern District of Alabama, the Northern District of Florida, and the Middle District of North Carolina, has "misconstrued *Merrell Dow*...." Opp. at p. 5. As is discussed in section II.A. above, *Merrell Dow* has not been misconstrued. In addition, in finding no federal jurisdiction, each of those opinions is consistent with the Supreme Court's re-articulation of *Merrell Dow* in the *Grable* opinion. As such, this Court should similarly find no jurisdiction.

### B. Plaintiffs' Amended Complaint relates back as it was timely served.

Ford has made much of the fact that Plaintiffs did not serve their Amended Complaint immediately after filing. Opp. at p. 16. This argument is a red herring, however. Plaintiffs served their Amended Complaint in compliance with Massachusetts Rule of Civil Procedure 4(j) which provides for service within 90 days after filing. In this case, Ford was served with the Amended Complaint well before the 90 day time period expired. Therefore, service was timely.

In addition, the filing of an Amended Complaint was proper. The circumstances of Plaintiffs' Amended Complaint were not, as Ford suggests, that Plaintiffs "never planned to use that pleading." Opp. at p. 17. Rather, Plaintiffs merely exercised their rights under Massachusetts rules to amend. Massachusetts Rule of Civil Procedure 15(a) provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served and prior to entry of an order of dismissal...." It was pursuant to this Rule that Plaintiffs filed their Amended Complaint. In the interests

of justice and economy, and to avoid requiring the defendants to respond to the Complaint and a Motion for Leave to Amend, Plaintiffs Amended their Complaint and then served both Complaints on the defendants at the same time. For this reason, and for the reasons stated in Plaintiffs' Memorandum of Law in Support of Motion for Remand, Plaintiffs' Amended Complaint relates back to the initial Complaint.

### III.   Conclusion

In sum, federal question jurisdiction does not exist over this action because Plaintiffs' claims do not involve a substantial contested federal issue. In addition, federal question jurisdiction is improper because to allow such would upset the balance between federal and state judicial responsibilities. Also, each of the federal District Courts faced with the issue of whether federal jurisdiction over these claims is proper have not misconstrued the law in finding jurisdiction lacking. In addition, Plaintiffs' Amended Complaint relates back as it was timely served.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this action to the Superior Court of Middlesex County.

DATED: August 4, 2005

Respectfully submitted,
by Plaintiffs' attorneys,

_/s/ Kristen Marquis Fritz_
David C. Strouss, Esq. BBO# 546253
Kristen Marquis Fritz, Esq.  BBO# 650886
**THORNTON & NAUMES**
100 Summer Street - 30th Floor
Boston, MA 02110
(617) 720-1333

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Iannacchino,<br>Victor Marchese, and<br>Soledad Berrios,<br>Individually and as<br>    Representatives of a Proposed Class,<br><br>        Plaintiffs,<br><br>v.<br><br>Ford Motor Company,<br>Ford Motor Company of Canada, Ltd.,<br>Magna Donnelly Corporation, Individually<br>  And d/b/a Donnelly Corp. and as successor<br>  By merger to Donnelly Corp.,<br>Intier Automotive Seating of America, Inc.,<br>  Individually and d/b/a Dortec Industries,<br>And<br>Intier Automotive Closures of America, Inc.,<br>  Individually and d/b/a Dortec Industries,<br><br>        Defendants. | CIVIL ACTION NO:<br>1:05-cv-11141-RCL |

### CERTIFICATE OF COMPLIANCE
### PURSUANT OT LOCAL RULE 7.1 (A)(2)

I hereby certify that I, as counsel for the Plaintiffs, contacted counsel for Ford in a good faith attempt to narrow or resolve the issues raised in Plaintiffs Motion for Remand and Ford's Opposition thereto. The parties were unable to resolve or narrow the issues.

*Kristen Marquis Fritz*
Kristen Marquis Fritz, Esq. BBO# 650886
**THORNTON & NAUMES**
100 Summer Street - 30th Floor
Boston, MA 02110
(617) 720-1333