UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Iannacchino,<br>Victor Marchese, and<br>Soledad Berrios,<br>Individually and as<br>    Representatives of a Proposed Class,<br><br>           Plaintiffs,<br><br>v.<br><br>Ford Motor Company,<br>Ford Motor Company of Canada, Ltd., and<br>Magna Donnelly Corporation, Individually<br>  And d/b/a Donnelly Corp. and as successor<br>  By merger to Donnelly Corp.,<br><br>           Defendants. | CIVIL ACTION NO:<br>1:05-cv-11141-RCL |

## SUPPLEMENT TO PLAINTIFFS' MOTION FOR REMAND

In their Motion for Remand, Plaintiffs cite to the Order and Recommendation of United States Magistrate Judge in the case of <u>Richard D. Day et al. v. Ford Motor Company, et al.</u>, Case No. 1:04CV00990 (M.D.N.C. February 9, 2005) which is attached to Plaintiffs' Motion for Remand as Exhibit F. In their Opposition to Plaintiffs' Motion, Ford takes issue with Plaintiffs' reliance on this Order because "it is merely a recommendation by a magistrate judge...." Plaintiffs' file this Supplement to inform the Court that the above-referenced Order has now been adopted and entered by the United States District Court for the Middle District of North Carolina.

As noted previously, the <u>Day</u> case asserts similar violations of North Carolina's Unfair and Deceptive Trade Practices Act. As grounds for removal in the <u>Day</u> case, Defendants asserted that both federal question and diversity jurisdiction existed because "an alleged violation of a Federal Motor Vehicle Safety Standard is an essential element

of Plaintiffs' sole cause of action, the proof of which involves the resolution of a substantial, disputed question of federal law..." Id. at p. 2.

In his Order and Recommendation, Magistrate Judge Sharp concluded that "[n]o federal issued are raised by [Plaintiffs'] allegations, yet they may serve to fully support and make out Plaintiffs' state-law UDTPA claim. Under these circumstances, it cannot be fairly said that the Amended Complaint 'turns on a substantial, disputed question of federal law.'" Id. at p. 12. He then found that Defendants had not met their burden of showing federal jurisdiction and recommended that the action be remanded to the North Carolina state courts. Id.

On September 30, 2005, the United States District Judge for the Middle District of North Carolina adopted the recommendation of the Magistrate Judge "as its own findings and conclusions." Order and Judgment, attached hereto as Exhibit 1. The Judge then ordered the case remanded. As stated previously, the same result is warranted here.

DATED: October 3, 2005

Respectfully submitted,
by plaintiffs' attorneys,

*/s/ Kristen Marquis Fritz*

David C. Strouss, Esq. BBO # 546253
Kristen Marquis Fritz, Esq. BBO# 650886
**THORNTON & NAUMES, LLP**
100 Summer Street - 30th Fl
Boston, MA 02110
(617) 720-1333

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD D. DAY, CHARLES W.      )
DEASON, JAMES L. HALL,          )
and HAYDEN C. MILLER,           )
individually and on             )
behalf of all others similarly  )
situated,                       )
                                )
       Plaintiffs,              )
                                )
    v.                          )    1:04CV00990
                                )
FORD MOTOR COMPANY, MAGNA       )
DONNELLY CORPORATION, INTIER    )
AUTOMOTIVE CLOSURES OF AMERICA, )
INC., and INTIER AUTOMOTIVE     )
SEATING OF AMERICA, INC.,       )
                                )
       Defendants.              )

ORDER and JUDGMENT

OSTEEN, District Judge

The court has before it this Standing Order 30 recommendation by the Magistrate Judge that Plaintiffs' Motion to Remand be granted. Defendants timely objected to the recommendation.

The record, including the Defendants' objections and suggestions of supplemental authority, has been reviewed by this court, and it is the opinion of the court that the recommendation is in accord with the facts and the prevailing law. The court adopts the recommendation of the Magistrate Judge entered February 9, 2005, as its own findings and conclusions.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (Doc. No. 12) is granted.

In view of the remand, the court need not reach Defendant Ford Motor Company's Motion to Dismiss (Doc. No. 14).

This 30th the day of September 2005.

*[signature]*
United States District Judge